UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DWIGHT HARDY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | CAUSE NO. 3:17-CV-213-JD-MGG |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Dwight Hardy, a *pro se* prisoner, filed an amended habeas corpus petition challenging the prison disciplinary hearing (WCC 16-10-366) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of a controlled substance in violation of Indiana Department of Correction (IDOC) policy B-202. ECF 7 at 1. As a result, he was sanctioned with a demotion from Credit Class 1 to Credit Class 2.

Hardy argues that the DHO did not have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or

> otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The IDOC defines offense B-202 as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The IDOC's definition of 'possession' includes any contraband on the prisoner's person, without reference to ownership: "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.

The Conduct Report charged Hardy as follows:

> On 10-23-16 at approx. 7:15 pm I Officer Lee was conducting a secure round when I noticed Offender Hardy, Dwight Doc # 951668 sitting on bed (6-WA-24-C) rocking back and forth and he appeared to be asleep. I Officer Lee approached him gained his attention and asked for the item in his hand, Offender Hardy resisted by swalling (sic). He was clearly slurring words and was escorted to holding by a sgt.

ECF 11-1. During his disciplinary hearing, Hardy made a statement that was recorded as follows: "I was sitting in bunk half asleep I had ibuprofen in my hand and I look up and saw the officer. He asked me for what was in my hand and I showed the officer and then I took it and they took me to holding + dry cell and sent me here." ECF 11-5.

The DHO had sufficient evidence to find Hardy guilty of violating IDOC B-202. A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer provided the DHO with an eyewitness account of Hardy's actions. It was then the job of the DHO to weigh the credibility of the two conflicting accounts. The DHO's determination that the officer's account was more credible was not unreasonable or arbitrary given: (1) the evidence of Hardy's physical demeanor at the time he was discovered, rocking back and forth and slurring his speech; and (2) the reporting officer's claim that Hardy immediately swallowed the item in his hand when he was asked to produce it. These peculiar actions amount to "some evidence" that Hardy was in possession of a controlled substance. Thus, Hardy is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Hardy also claims that he was denied access to evidence. He argues that after he was placed in the dry cell he took two urinalysis tests. He claims that he requested that the DHO review these tests, and his request was denied. Respondent contends that Hardy is procedurally defaulted on this claim because he failed to exhaust his administrative remedies with respect to it. ECF 11 at 5. Respondent further contends that, to the extent that Hardy is permitted to proceed with this claim, no urinalysis test results existed for the DHO to review.

In habeas corpus proceedings, the exhaustion requirement is contained in 28 U.S.C. § 2254(b). To have exhausted his administrative remedies, Hardy must have properly grieved the issue within the prison's grievance system. *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Here, in his administrative appeals, Hardy never claimed that the DHO did not review urinalysis tests. Thus, he procedurally defaulted on this claim. Notwithstanding his failure to exhaust, the court may deny Hardy's claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of

3

habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). The court does so here.

Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The incident took place on October 22, 2016, and thereafter Hardy was placed in a dry cell for 24 hours. He was screened for the offense on October 26, 2016. During his screening, Hardy had the opportunity to request evidence in his defense. If he had taken a urinalysis test while he was in the dry cell, he could have requested that the DHO review the results of the test. Yet, he did not do so. He requested a witness, but no physical evidence. Hardy insists he did request this evidence during his screening and it was not written down. Yet, he reviewed and signed the screening report, and was therefore aware of what requests were reflected on that report. Given the evidence, it does not appear that Hardy requested that the DHO review this evidence, and he was not entitled to present evidence that he did not request.

Respondent has submitted an affidavit by Lt. Daniel J. Moynihan, the official who supervised the DHO who conducted Hardy's hearing. Lt. Moynihan stated that he has "personal knowledge that on October 23, 2016, when offender Hardy was transported to holding, he was not drug screened. Offender Hardy's last drug screen was submitted prior to this offense, on September 11, 2016." ECF 11-9 at 2. Lt. Moynihan's affidavit also states that Hardy "never requested a urinalysis screen at the time of screening, or any time prior to the disciplinary hearing." *Id.* Thus, there is no evidence to substantiate Hardy's claim that he requested urinalysis evidence, or that such evidence existed. Therefore, Hardy is not entitled to habeas corpus relief based on this claim.

For these reasons, the amended petition (ECF 7) is **DENIED**. The clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: October 27, 2017

                                                  /s/ JON E. DEGUILIO

                                              Judge
                                              United States District Court